The **STATE OF GEORGIA**, Respondent-Prosecutor-Appellee,

v.

Robert Clarence **BIRDSONG**, James Wesley Collins, Otis Lee Reese, James Edward Walker, Petitioners-Defendants-Appellants.

No. 28738.

United States Court of Appeals, Fifth Circuit.

June 9, 1970.

**1224**

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., Edward W. Jacko, Jr., New York City, for appellants.

J. Robert Sparks, Tony H. Hight, Carter Goode, Asst. Dist. Attys., Lewis R. Slaton, Dist. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, DYER and CLARK, Circuit Judges.

PER CURIAM.

This is an appeal of an order of remand to the State Court of the criminal prosecution of the four named appellants after their removal of the cases from the Superior Court of Fulton County, Georgia to the Federal District Court allegedly under the provisions of Section 1443 (1) 28 U.S.C.A.

Each of the appellants had been indicted in Fulton County for various crimes of which they say they were innocent. However, they do not base their right of removal on the nature of the act in which they were engaged and which resulted in their having been charged under the state laws. Rather, they base their right to removal under Section 1443(1), the civil rights removal statute, upon the contention that "the laws of the State of Georgia, Section 106, 59 Georgia Code Ann., require that persons selected for service on grand and traverse juries be picked from the certified list of voters used in the last general election, which list in Fulton County is organized and maintained on the basis of race or color. The voter registration list is compiled directly from the voter registration cards, which by law, Section 609, 34 Ga.Code Ann., are organized and maintained on the basis of race or color. As a result of the above statutes *and deeply rooted custom and usage,* Black citizens are greatly under-represented on grand juries and grossly under-represented on traverse juries in Fulton County." (emphasis added) It is alleged that although the proportion of Black citizens and Black registered voters of Fulton County represent approximately one-third of the total of the county as against two-thirds white, the grand jury list for Fulton County consists of 1800 names of which

less than 500 were members of the Black race and that the traverse jury list of the county consisted of 33,147 names of which, on information and belief, less than 12% were members of the Black race.

Recognizing the strict limitations upon the use of Section 1443(1) in connection with the removal of state criminal cases imposed by the Supreme Court's decision in the case of City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), appellants nevertheless contend that the state of affairs existing with respect to the composition of the grand and traverse jury lists in Fulton County brings them within the narrow class of cases that may be removed within the principles laid down in State of Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925.

██ It is clear that if the allegations in the petition for removal correctly depict the composition of the traverse jury list in Fulton County, such jury lists fail to satisfy constitutional requirements that such lists represent a reasonable cross section of the community. See for the most recent exposition of this principle, Turner v. Fouche, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 and Carter v. Jury Commission, 396 U.S. 320, 90 S.Ct. 518, 24 L.Ed.2d 549. However, it is also apparent from these same Supreme Court decisions that the provisions of the Georgia statute prescribing the method of jury selection are not such as to make it unconstitutional per se. "Georgia's constitutional and statutory scheme for selecting its grand juries * * * is not inherently unfair, or necessarily incapable of administration without regard to race." 396 U.S. 346, 355, 90 S.Ct. 532, 537.

█ In Georgia v. Rachel, *supra,* 384 U.S. at 804, 86 S.Ct. at 1796, the Supreme Court said: "Even in the absence of a discriminatory state enactment, if an equivalent basis [can] be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court" a ground of removal under Section 1443 would exist. Here, the alle-

gations are not sufficient to warrant a determination that the state courts will not fully vindicate the federal rights of these appellants to have a jury constituted in accordance with federal constitutional standards. Under the Georgia procedural scheme the composition of the jury can be brought into issue by a challenge to the array at the time of trial. There is simply no basis for a prediction by the federal courts that the Superior Court of Fulton County will not provide full and ample opportunity for the testing of the appellants' contention respecting the representative nature of the jury lists of the county. Moreover, where an opportunity to have this question passed on by the state court exists, the federal courts are forbidden by City of Greenwood v. Peacock, *supra,* and Georgia v. Rachel, *supra,* to prejudge the issue that is still open for determination in the state court.

It, therefore, follows that assuming all of the facts alleged in the removal petition to be true, as we must, since the remand order was entered without a hearing by the trial court, we conclude that the judgment of remand must be affirmed.

Affirmed.