**Billy C. EDWARDS, Plaintiff,**

v.

**CITY OF BATESVILLE, ARKANSAS, Defendant.**

**No. LR–M–308.**

United States District Court, E. D. Arkansas, N. D.

Nov. 1, 1979.

John I. Purtle, Batesville, Ark., for plaintiff.

No entry of appearance for defendant.

ARNOLD, District Judge.

## ORDER

On October 9, 1979, Billy C. Edwards, a defendant in a criminal proceeding pending in the Circuit Court of Independence County, filed a petition for removal under 28 U.S.C. § 1443. The petition alleges that he was convicted of a misdemeanor in the Municipal Court of Batesville, Arkansas, and that certain costs were assessed against him under Arkansas law. One of the items of cost was a fee of $1.00 for retirement benefits for municipal judges, assessed in accordance with Arkansas law. *Ark.Stat. Ann.* §§ 22–914 et seq. Edwards claims that this fee is assessed only upon a plea of guilty or conviction, and that therefore the municipal judge had a pecuniary interest in the outcome of the case. This interest, it is claimed, deprived petitioner of his federally protected constitutional rights. He asks this Court to set aside the conviction and declare unconstitutional the method of assessing costs in municipal court.

28 U.S.C. § 1443 provides as follows:

Any of the following civil actions or criminal prosecutions, commenced in a State 'court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The initial inquiry is whether this criminal prosecution was properly removed and whether the petition states grounds for removal granted under 28 U.S.C. § 1443. For the reasons which follow, the Court holds that removal is improper.

■ *First,* the petition was not filed in a timely manner. 28 U.S.C. § 1446(c) provides that "the petition for removal of a criminal prosecution may be filed at any time before trial." Trial was held in the Municipal Court of Batesville in June, 1977; the petition for removal was filed 28 months later. This provision requiring the petition to be filed before trial "is imperative and mandatory, must be strictly complied with, and is to be narrowly con-

strued." *United States ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975); *State of New Jersey v. Chesimard*, 555 F.2d 63 (3d Cir. 1977). It is true that the conviction is currently on appeal to the Circuit Court of Independence County, that Mr. Edwards is entitled to a trial *de novo* in that court, and that the petition was filed "before trial" in that court. This Court is of the opinion, however, that the trial held in municipal court was a "trial" within the meaning of the statute, and it follows that the petition was untimely.

■ *Second,* the petitioner states no substantive claim under 28 U.S.C. § 1443. Under § 1443(1), the right allegedly denied the petitioner must arise under a federal law "providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121 (1975). The petitioner makes no claim of racial discrimination and thus has stated no basis for removal under § 1443(1). § 1443(2), by its terms, does not apply in this case. The petitioner makes no claim that he is being prosecuted "for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." It follows that the petitioner has stated no claim cognizable under either provision of 28 U.S.C. § 1443.

■ *Third,* there is no reason to believe that petitioner will be denied justice in state court. If the Circuit Court refuses to accept his constitutional argument, he may appeal further. There is no reason to believe that the trial or appellate courts will refuse to protect his federally protected constitutional rights. There is no claim that the Circuit Judge or appellate judges have a pecuniary interest in the case.

For these reasons, the Court *sua sponte* dismisses the petition for removal and remands this case to the Circuit Court of Independence County, Arkansas.