James A. WILLIAMS,
Plaintiff-Appellant,

v.

STATE OF MISSISSIPPI,
Defendants-Appellees.

Nos. 79–2070 and 79–2363
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 26, 1979.

Rehearing Denied Feb. 14, 1980.

Claude LeRoy Pitts, Meridian, Miss., for plaintiff-appellant.

Ed. Davis Noble, Jr., Asst. Atty. Gen., Jackson, Miss., for defendants-appellees.

A. F. Summer, Atty. Gen., for defendants-appellees in No. 79–2363.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

Appellant, James A. Williams, was indicted by two Mississippi grand juries for various drug-related offenses. The grand jury of Lauderdale County returned two indictments against appellant for possession of marijuana with intent to deliver. The grand jury of Kemper County also returned two indictments against appellant, one for unlawful possession of methaqualone, the other for unlawful possession of more than one kilogram of marijuana. Pursuant to 28

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

U.S.C.A. § 1443(1),[1] appellant filed four petitions for removal of the indictments to the United States District Court for the Southern District of Mississippi. The petitions alleged that the grand juries were illegally constituted in that blacks had not been considered for appointment as forepersons. The State of Mississippi responded by filing four motions to remand the cases to the appropriate state courts. The District Court granted each of the State's motions to remand. We affirm.

■ Within the last fifteen years, the Supreme Court has construed 28 U.S.C.A. § 1443(1) on three occasions. *Johnson v. Mississippi,* 1975, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121; *City of Greenwood v. Peacock,* 1966, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944; *Georgia v. Rachel,* 1966, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925. These three cases make clear that a removal petition under 28 U.S.C.A. § 1443(1) must satisfy a two-pronged test:

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality." . . . Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is "denied or cannot enforce" the specific federal rights "in the courts of [the] State." This provision normally requires that the "denial be manifest in a formal expression of state law," . . . such as a state legislative or constitutional provision, " 'rather than a denial first made manifest at the trial of the case.' " . . . Except in the unusual case where "an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot

enforce' the specified federal rights in the state court," . . . it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal.

*Johnson, supra,* 421 U.S. at 219–220, 95 S.Ct. at 1595, 44 L.Ed.2d at 128, quoting *Rachel, supra,* 384 U.S. at 799, 803, and 804, 86 S.Ct. at 1796, 16 L.Ed.2d at 940. Failure to satisfy either prong of the test is of course fatal.

■ We assume without deciding that appellant satisfies the first prong. The right to have a grand jury selected without regard to race can be invoked by 42 U.S.C.A. § 1981, a law guaranteeing equal civil rights and stated in terms of racial equality.[2] *See Rachel, supra,* 384 U.S. at 798, 86 S.Ct. at 1793, 16 L.Ed.2d at 935. *Cf.* Jury Selection and Service Act of 1968, 28 U.S.C.A. §§ 1861 *et seq.* (declaring and implementing policy that litigants in federal court are entitled to grand and petit juries selected at random from a fair cross section of the community in the district wherein the court convenes). And we can assume that the right to a grand jury selected without regard to race applies fully when only the selection of the foreperson is at issue rather than the selection of the entire grand jury venire. *Rose v. Mitchel,* 1979, —— U.S. ——, —— n.4, 99 S.Ct. 2993, 2998 n.4, 61 L.Ed.2d 739, 747 n.4.

■ Appellant does not satisfy the second prong, however, and this is fatal to removability. As appellant himself recognizes, Mississippi law clearly provides that no one shall be excluded from jury service because of race. Miss.Code Ann. § 13–5–2. Of course, as *Johnson, Rachel,* and *Peacock*

---

1. 28 U.S.C.A. § 1443(1) provides:
   > Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
   > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof
   > . . . .

2. 42 U.S.C.A. § 1981 states:
   > All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

make clear, it is sufficient if a defendant can point to an equivalent basis for prediction that he cannot enforce his federal rights in state court. Here, however, no such basis for prediction exists. On the contrary, this Court has recognized that the Mississippi courts will protect the right to a grand jury selected without regard to race. *Bass v. Mississippi,* 5 Cir., 1967, 381 F.2d 692, 695. *Cf. Georgia v. Birdsong,* 5 Cir., 1970, 428 F.2d 1223, 1225–26 (predicting the Georgia courts will protect right to non-discrimination in selection of grand and petit juries). Consequently, the District Court was correct in remanding appellant's cases to the appropriate state courts.

AFFIRMED.