The STATE OF TEXAS,
Plaintiff-Appellee,

v.

Charles Joseph REIMER,
Defendant-Appellant.

No. 81-2493
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 14, 1982.

Charles Joseph Reimer, pro se.

Calvin A. Hartmann, Asst. Dist. Atty., Houston, Tex., for plaintiff-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Back in federal court once again, after two previously unsuccessful turns at bat, Joseph Reimer, claiming deprivation of a federal right, 42 U.S.C. §§ 1983–1986, appeals the District Court's summary dismissal of his petition for removal of his state court prosecution for perjury. Lacking jurisdiction over the appeal, 28 U.S.C. § 1447(d),[1] we affirm the dismissal.

Since Reimer has made this trip before, we will but sketch in the details. Indicted in state court for making a false statement

---

1. § 1447(d) provides:
 Procedure after removal generally
 * * * * * *
 (d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443, of this title shall be reviewable by appeal or otherwise.

under oath, Reimer has twice before sought to remove that perjury action to federal district court. In both cases, this Court affirmed dismissals. *See Ford Motor Credit Co. v. Reimer*, 659 F.2d 1073 (5th Cir. 1981) (unpublished) and *Reimer v. Hughes*, 664 F.2d 286 (5th Cir. 1981) (unpublished).

■ Reimer contends that the State of Texas denied him due process of law by failing to provide him with an "examining trial" prior to indictment. Texas law provides: ·

The accused in any felony case shall have the right to an examining trial before indictment in the county having jurisdiction of the offense, whether he be in custody or on bail. . . .

Tex.Code Crim.Pro. art. 16.01 (Vernon). Yet Texas courts have determined that the return of an indictment terminates the right to an examining trial. *Klechka v. State*, 429 S.W.2d 900, 901 (Tex.Cr.App. 1968), *cert. denied*, 393 U.S. 1044, 89 S.Ct. 672, 21 L.Ed.2d 592 (1969). Failure to grant an examining trial prior to the return of the indictment in no way affects its validity.

■ Reimer contends that the state denied him an examining trial because he is white, while it affords such a trial to members of minority groups. His *pro se* petition, liberally construed, alleges that the State of Texas, by selectively providing an examining trial on the basis of race, violated his constitutionally protected civil rights. That allegation amounts to a threshold, jurisdictional claim, since the statute provides that "An order of a district court remanding a case to the state court . . . is not reviewable on appeal . . . unless the case involves civil rights issues within the meaning of § 1443." 28 U.S.C. § 1447(d). *See Ford Motor Credit Co. v. Reimer, supra.*

Section 1443 permits removal to federal district court of certain state court actions where the party seeking removal can show a likelihood that the state court will not enforce his federal rights. This provision, designed to guarantee enforcement of federal civil rights statutes, is deliberately narrow. We have established a two-prong test to determine whether a § 1443 petition is properly removable:

First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality." . . . Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is "denied or cannot enforce" the specific federal rights "in the courts of [the] State."

*Williams v. Mississippi*, 608 F.2d 1021, 1022 (5th Cir. 1979), *cert. denied*, 449 U.S. 804, 101 S.Ct. 49, 66 L.Ed.2d 8 (1980), *quoting Johnson v. Mississippi*, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975). *See also Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); *Ford Motor Credit Co. v. Reimer, supra; Perkins v. Mississippi*, 455 F.2d 7, 11 (5th Cir. 1972) (Brown, Ch. J., dissenting). Only if the party seeking removal can satisfy both parts of the test is a petition removable under §§ 1443 and 1447(d).

Reimer's allegation, even if true, does not amount to a violation of such a federal statute phrased in terms of racial equality. He points to no *federal* law that guarantees an individual a right to an "examining trial" or a probable cause hearing prior to an indictment. In *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), the Supreme Court held that if the State afforded an accused a preliminary hearing, it must also afford him counsel. *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), extended this protection, holding that under the Fourth Amendment, a person arrested without a warrant was entitled to a prompt judicial determination of probable cause. These cases do not support Reimer's claim to removal to federal court of his perjury prosecution. He makes no allegation that the state's conduct amounted to a warrantless arrest, as in *Gerstein.* The right to an "examining trial" arises solely under Texas law, a law that makes no mention of racial equality. As the Supreme Court has made clear, *Johnson v. Mississippi, supra, Greenwood v. Peacock,*

384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), the right of removal is a narrow one, in whose reach Reimer's complaint simply does not fall.

 Since Reimer cannot show that the State's actions violate a federal statute providing for racial equality, as the terms of § 1447(d) specifically require, we lack jurisdiction over this appeal.

Having reached this conclusion, we take the opportunity to issue a word of caution. While this Court is always open to hear and protect the rights of all persons, we point out that unless Reimer can show a violation of a federal statute providing for racial equality so as to bring his petition within the terms of §§ 1443 and 1447(d) and, thus, within the federal judicial power, repeated assertion of this unfounded claim as argued detracts from the ability of this Court, considering its limited time and resources, to adjudicate cases of substantive value.

AFFIRMED.