**Charles P. SMITH, Petitioner,**

v.

**STATE OF INDIANA, Respondent.**

**Civ. No. F 85–479.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Nov. 27, 1985.

Charles P. Smith, pro se.

ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on petitioner's ("Smith") motion to proceed *in for-*

---

*ma pauperis* filed November 20, 1985. Smith requests leave to so proceed in order that he could file an "Emergency Petition for Transfer of State Court Proceedings to Federal Court" in which he seeks to have his state criminal post-conviction relief proceedings transferred to this court. For the following reasons, the motion to proceed *in forma pauperis* will be granted, but the petition for transfer will be denied.

Petitioner is proceeding *pro se. Pro se* pleadings are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The district court's role is to ensure that the claims of *pro se* litigants are given "fair and meaningful consideration." *Matzker v. Herr,* 748 F.2d 1142, 1146 (7th Cir.1984); *Caruth v. Pinkney,* 683 F.2d 1044, 1050 (7th Cir. 1982). This court also recognizes that federal courts have historically exercised great tolerance to ensure that an impartial forum remains available to plaintiffs invoking the jurisdiction of the court without the guidance of trained counsel. *Pro se* motions and complaints such as the petitioner's are held to less stringent pleading requirements; rigor in the examination of such motions, complaints and pleadings is inappropriate.

The court will grant Smith's motion to proceed *in forma pauperis* so as to consider the merits of the underlying petition to transfer. In the petition to transfer, Smith alleges that the trial judge hearing his post-conviction relief motion is biased against Smith, so that the post-conviction proceedings must be removed to this federal court.

The facts alleged in the proposed "Emergency Petition for Transfer," which the court accepts as true, reveal the following procedural history. In September, 1983, Smith was convicted of murder, and in October, 1983, was sentenced to die in Indiana's electric chair. Smith's conviction and death sentence were affirmed by the Indiana Supreme Court on March 26, 1985. During his appeal, Smith corresponded with Nile Stanton, who became Smith's attorney. Stanton obtained a stay of execu-tion on July 18, 1985, and then filed a petition for post-conviction relief, which is still presently pending before the trial judge, the Honorable Alfred Moellering.

Smith seeks to remove the post-conviction relief proceedings under 28 U.S.C. § 1443, which provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts or such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Despite the procedural requirement of 28 U.S.C. § 1446(c)(2) that "[a] petition for removal of a criminal prosecution shall include all grounds for such removal" and that "[a] failure to state grounds which exist at the time of the filing of the petition shall constitute a waiver of such grounds," Smith refers only to 18 U.S.C. § 241, the criminal statute for conspiracy to violate a person's civil rights, and 42 U.S.C. § 1985, the civil rights statute against conspiracies to violate civil rights.

Smith's "Emergency Petition for Transfer" cannot be granted for several reasons. First, the petition is clearly untimely. 28 U.S.C. § 1446(c)(1) provides:

A petition for removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the petitioner leave to file the petition at a later time.

This provision requiring the petition's filing before trial "is imperative and mandatory,

must be strictly complied with, and is to be narrowly construed." *United States ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir.1975). *See State of New Jersey v. Chesimard*, 555 F.2d 63, 65 (3d Cir.1977). Smith's trial was held two years before this petition was filed. The fact that the current state proceeding is for *post-conviction* relief accentuates this fact. Even if the post-conviction proceedings could somehow be viewed as independent, the court would look to the underlying September, 1983 trial as the critical "trial" date for purposes of § 1446(c)(1). *See Edwards v. City of Batesville*, 478 F.Supp. 855, 856–57 (E.D. Ark.1979). Nor has Smith shown any "good cause" for granting the petition at this late date. A claim that Judge Moellering's prejudice has only now surfaced is not good cause because Smith's future appellate remedies, as discussed below, can remove whatever effect the prejudice would have. Therefore, the petition is untimely.

■ Second, Smith has not offered a competent ground upon which to invoke § 1443. It is clear that § 1443(2) does not apply, as a prosecution for murder is certainly not a prosecution for an act "under color of authority derived from any law providing for equal rights" or for a refusal to do an act inconsistent with an equal rights law. Thus, Smith's petition must proceed under § 1443(1). The Supreme Court requires § 1443(1) petitions to satisfy a two-pronged test:

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights in terms of racial equality" ... Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is "denied or cannot enforce" the specific federal rights "in the courts of [the] State."

*Johnson v. Mississippi*, 421 U.S. 213, 219–20, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121 (1975), *quoting Georgia v. Rachel*, 384 U.S.

780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966). Failure to satisfy either prong of the test is fatal. *Williams v. State of Mississippi*, 608 F.2d 1021, 1022 (5th Cir. 1979).

■ Smith's petition fails both prongs of the test. Under the first prong, the federal right allegedly denied must arise under a federal law "providing for specific civil rights in terms of racial equality." Smith cites two statutes in his petition: 18 U.S.C. § 241 and 42 U.S.C. § 1985. Section 241 is a criminal provision which prohibits a conspiracy "to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States" or conspiring to "prevent or hinder his exercise or enjoyment of any right or privilege so secured." Section 1985 creates a civil remedy for conspiracy to violate civil rights. Neither statute on its face indicates that it provides "civil rights in terms of racial equality," although being civil rights statutes, they have their roots in racial turmoil. But even if they can be read as satisfying the first prong, Smith has completely failed to show how these statutes were violated. Both require a conspiracy by two or more people; the facts alleged in the petition indicate that it is only Judge Moellering who harbors a personal bias against Smith and is therefore making the post-conviction proceedings unfair.[1] Nor has Smith indicated that the bias against him is anything other than personal; he has not even alleged the prerequisite racial element that is implicit in the first prong of the test. As the Supreme Court has stated:

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is prosecuted is allegedly vague or that the pros-

---

**1.** Several pages of the petition relate allegations of drug transactions by prosecutors, attorneys, and police officers in Allen County. These facts are completely irrelevant to Smith's petition to transfer because they do not offer any competent basis for transfer.

ecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Johnson,* 421 U.S. at 219, 95 S.Ct. at 1595; *City of Greenwood v. Peacock,* 384 U.S. 808, 825, 86 S.Ct. 1800, 1811, 16 L.Ed.2d 944 (1966). Therefore, Smith's petition does not meet the first prong of the test.

■ Smith's petition fails the second prong because of the remedies yet available to him. Currently, he has a petition for post-conviction relief pending in the Allen County Superior Court. Such petitions are governed by the Indiana Post Conviction Remedy Rules ("P.C. Rules"). P.C. Rule 1, § 7 specifically provides that

An appeal may be taken by the petitioner or the state from the final judgment in [a post-conviction relief] proceeding, under rules applicable to civil actions. Jurisdiction for such appeal shall be determined by reference to the sentence originally imposed. The Supreme Court shall have exclusive jurisdiction in cases involving an original sentence of death....

Thus, Smith has an appellate remedy available should his post-conviction relief not be granted by the Allen County Superior Court. Smith has offered nothing to indicate that the Supreme Court would not recognize the rights he claims were violated in his capital trial, so that it does not appear that Smith is "denied or cannot enforce" the specific rights claimed in the courts of Indiana. Smith's petition therefore fails the second prong of the test,[2] so that Smith has not offered a competent basis for removal.

■ There is yet a third reason for denying Smith's petition to transfer which is independent of the requirements of § 1443(1). In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the

Supreme Court held that a federal court could not enjoin a state criminal prosecution absent a showing of unusual circumstances that call for equitable relief. 401 U.S. at 54, 91 S.Ct. at 755. The *Younger* decision was premised on principles of federalism and equity:

The precise reasons for this long-standing public policy against federal court interference with state court proceedings have never been identified but the primary sources of the policy are plain. One is the basic doctrine of equity jurisdiction that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief ... This underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of "comity," that is, the proper respect for state functions....

*Id.* at 43–44, 91 S.Ct. at 750. The Supreme Court has repeated these concerns again and again. *See e.g., City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 1670, 75 L.Ed.2d 675 (1983); *Trainor v. Hernandez,* 431 U.S. 434, 440–44, 97 S.Ct. 1911, 1916–18, 52 L.Ed.2d 486 (1977). While the *Younger* abstention doctrine recognized in these cases is directed against enjoining pending state criminal proceedings, the underlying principles have a broader application in cases such as this. Given the legitimate concern for respecting the power of states and state courts to carry out criminal prosecutions, federal courts should not remove such prosecutions absent compelling reasons of equity. Here, Smith has at least two remedies at law available to him: post-conviction relief (including an appeal

---

2. Although not directly relevant to this analysis, the court also points out that Smith will have available (once he exhausts his state remedies by pursuing his post-conviction relief petition through the Indiana Supreme Court) the possibility of federal habeas corpus relief. On September 26, 1985, the Judicial Council of the Seventh Circuit adopted a new set of rules for both the district courts and the Court of Appeals governing petitions for writs of habeas corpus in cases involving petitioners under a sentence of capital punishment. *See* 29 *Res Gestae* 256–258 (Nov. 1985)). These rules will provide for orderly and efficient processing of habeas petitions in capital cases.

of Judge Mollering's eventual ruling to the Indiana Supreme Court), and federal habeas corpus relief. Whatever injury would be worked by keeping the case in state court can be eliminated through these as yet unused remedies. There are therefore no compelling equitable considerations which justify federal court intervention. Further, the fact that this case has gone to trial, been affirmed on appeal, and is now at the post-conviction relief stage indicates that the state has made a significant investment in the adjudication of Smith's criminal case. To intervene before the state had a chance to complete its handling of the case is to seriously violate the principles of federalism underlying the separation between state and federal courts. With no reasons to justify ignoring these principles, this court will not damage the vital independence state courts enjoy.

Smith may some day have his day in federal court—federal habeas corpus relief can be sought if the ultimate result of the state post-conviction relief request is not favorable. However, it is premature to seek that day in court presently; the post-conviction relief proceedings cannot be removed from the state court, and this court is bound by principles of federalism to avoid involvement in this case until the post-conviction proceedings are complete.

For the reasons stated above, petitioner's motion to proceed *in forma pauperis* is hereby GRANTED, and the Petition for Removal of the state court post-conviction proceedings to this court is hereby DENIED. This matter is hereby REMANDED to the Allen County Superior Court.