IN THE UNITED STATES COURT OF APPEALS
                         FOR THE FIFTH CIRCUIT

                              _____

                               No. 98-11033
                             Conference Calendar

                              _____


J.B. STELL GAINES, SR.; JOSEPH DOMINIC JAMME,

                                              Plaintiffs-Appellants,

versus

DALLAS COUNTY, Court System; JOHN VANCE, District Attorney's
Office; STATE OF TEXAS; DALLAS COUNTY JAIL; TEXAS DEP'T
OF CRIMINAL JUSTICE,

                                              Defendants-Appellees.

                         - - - - - - - - - -
                 Appeal from the United States District Court
                     for the Northern District of Texas
                          USDC No. 3:98-CV-1465-P
                         - - - - - - - - - -

                             August 26, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

     J.B. Stell Gaines, Sr., Texas prisoner #98049178, and Joseph

Dominic Jamme, Texas prisoner #98042266, appeal from the

dismissal with prejudice as frivolous under 28 U.S.C.

§§ 1915(e)(2)(B)(i) and 1915A(b)(1) of their civil rights lawsuit

filed pursuant to 42 U.S.C. § 1983.  Plaintiffs alleged that they

and a multitude of other Texas inmates had been denied their

statutory right to an examining trial prior to the issuance of

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

their indictments and that this denial was the result of an ongoing conspiracy perpetrated by the defendants.  They concluded that their resulting illegal confinement violated the Thirteenth Amendment's prohibition of involuntary servitude.

The district court may dismiss an IFP complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) if it lacks an arguable basis in law or fact.  Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  The dismissal of an IFP complaint as frivolous is reviewed for an abuse of discretion.  Id.  The Texas courts have held that "[t]he return of an indictment terminates the right to an examining trial and eliminates the necessity therefor." Rogers v. Texas, 486 S.W.2d 786, 787 (Tex. Crim. App. 1972) (citations omitted); see also Texas v. Reimer, 678 F.2d 1232, 1233 (5th Cir. 1982)("Failure to grant an examining trial prior to the return of the indictment in no way affects its validity.").  The district court did not abuse its discretion by dismissing the instant lawsuit as frivolous.

The instant appeal is similarly frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, the appeal is dismissed as frivolous.  See 5TH CIR. R. 42.2.  All outstanding motions are denied.

The dismissal of the lawsuit as frivolous in the district court and the dismissal of this appeal as frivolous each count as a strike against Gaines and Jamme for purposes of 28 U.S.C. § 1915(g).  We caution Gaines and Jamme that once a prisoner accumulates three strikes, that prisoner may not proceed IFP in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; MOTIONS DENIED.