IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30913
Summary Calendar
_____

HARMON FRANKLIN,

Plaintiff-Appellant,

versus

STATE OF LOUISIANA; on behalf of Louisiana
Department of Public Safety and Corrections,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-2054
--------------------
January 8, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Harmon Franklin ("Franklin") appeals the dismissal of his action in the district court. Franklin was charged with various violations of state trucking regulations. He filed a notice of removal pursuant to 28 U.S.C. § 1443 and later sought suppression of certain evidence seized in violation of his constitutional rights and a dismissal of all charges. He also requested injunctive relief, enjoining the enforcement of allegedly constitutionally defective statutes, regulations, and enforcement

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

procedures. The lower court dismissed the action without prejudice on the abstention grounds of <u>Younger v. Harris</u>, 401 U.S. 37 (1971), finding that allowing the federal action to proceed would impermissibly interfere with the pending state action.

It is axiomatic that federal courts must be assured of their jurisdiction and may question it *sua sponte* at any stage of a proceeding. <u>See</u> <u>In re Bass</u>,171 F.3d 1016, 1021 (5th Cir. 1999). This court reviews a district court's determination of the propriety of removal *de novo*. <u>Estate of Martineau v. Arco Chemical Co.</u>, 203 F.3d 904, 910 (5th Cir. 2000). The removing defendant has the burden to show that the federal court has subject matter jurisdiction. <u>Id.</u>

We conclude that the matter was improperly removed to federal court. 28 U.S.C. § 1443 allows removal of certain civil actions and criminal prosecutions if a person is denied or cannot enforce in state court a right under any law providing for equal civil rights; however, caselaw instructs that the right denied must arise under a federal law "providing for specific civil rights stated in terms of racial equality." <u>Williams v. Mississippi</u>, 608 F.2d 1021, 1022 (5th Cir. 1979) (quoting <u>Johnson v. Mississippi</u>, 421 U.S. 213, 219 (1975)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." <u>Johnson</u>, 421 U.S. 219.

Because none of the rights Franklin claims were denied him "arise under a federal law 'providing for specific civil rights stated in terms of racial equality,'" nor has he claimed his rights

were violated because of his race, this action is not covered by the provisions of 28 U.S.C. § 1443. Therefore, this matter was improperly removed and should have been summarily remanded. See 28 U.S.C. § 1446(c)(4); 28 U.S.C. § 1447(c).

Franklin also incorrectly asserts that 28 U.S.C. §§ 1331 and 1343 provide the district court with original jurisdiction over his claims. 28 U.S.C. § 1331 provides that the district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1343 provides that the district court shall have original jurisdiction over various civil actions based on civil rights violations. However, Franklin has not filed a separate federal civil rights claim; he has tried removed a state administrative proceeding.

Franklin also filed a motion to dispense with the record excerpts required by 5th Cir. R. 30; however, he has since filed the required excerpts, and this motion is MOOT. The district court's judgment is VACATED, and the matter is REMANDED for further action consistent with this opinion.

VACATED AND REMANDED.

MOTION DENIED AS MOOT.