[Civ. No. 17941.   First Dist., Div. Two.   Dec. 16, 1958.]

KAORU KADOTA, an Incompetent Person, etc., Appellant,
v. CITY AND COUNTY OF SAN FRANCISCO et al.,
Respondents.

Fredericks & Sullivan, Paul C. Dana and Benjamin M.
Davis for Appellant.

Dion R. Holm, City Attorney, and C. Wesley Davis, Deputy
City Attorney, for Respondents.

DOOLING, J.—Plaintiff appeals from a judgment of dis-
missal.  The complaint in this action was filed on September
11, 1951.  By written stipulation the time of trial was ex-
tended until May 11, 1957.  On May 9, 1957, the parties regu-
larly appeared in court for trial and a jury was impaneled and
sworn.  On May 10, 1957, which was a Friday, counsel for
plaintiff asked the court to continue the case to Monday, May

13, because, as he stated, he was too ill to proceed with the trial. Counsel for plaintiff was granted a continuance until May 13 in the face of a statement by counsel for defendant that if such continuance was granted counsel for defendant would move for a dismissal of the action under the mandatory five-year provision of section 583, Code of Civil Procedure. Such motion was made on May 13, 1957, and granted by the court.

The pertinent provision of section 583 reads:

"Any action . . . shall be dismissed . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended . . ."

Appellant argues that because the last day of the stipulated extension fell on a Saturday, a nonjudicial day, he had in any event until the next Monday, May 13, to bring the action to trial under section 583. We do not find it necessary to decide this question.

The cases are clear that where the trial is before the court, without a jury, the action is not ordinarily "brought to trial" until at least one witness is sworn and gives some testimony. (16 Cal.Jur.2d, Dismissal, § 33, p. 188; § 35, pp. 192-194.) However, the question has apparently never been presented whether under section 583, where the case is set for trial before a jury, the case is "brought to trial" when the parties commence the examination of prospective jurors and the impanelment of the jury.

Our Supreme Court in *Silcox* v. *Lang,* 78 Cal. 118, 124 [20 P. 297], said: *"The impaneling of a jury is a part of the trial,* within the meaning of the code, and any ruling of the court with respect thereto, if erroneous, is an error of law occurring at the trial . . ." (Emphasis ours.) This case was decided in 1889 and section 583 was not adopted until 1905. (Stats. 1905, p. 244, ch. 271.) We are entitled to assume that in using the language "brought to trial" the Legislature was aware of this previous judicial determination that the impanelment of the jury is a part of the trial. (45 Cal.Jur.2d, Statutes, §§ 101-102; pp. 615-617.)

The holding of our court in *Silcox* v. *Lang, supra,* that the impanelment of the jury is a part of the trial not only comports with the common understanding among lawyers and judges, but finds support in the rulings of the courts of other jurisdictions in a variety of circumstances. In the following cases,

196

both civil and criminal, the courts have held that the impanelment of the jury is a part of the trial. (Civil cases: *Wilhite* v. *Agbayani*, 2 Ill.App.2d 29 [118 N.E.2d 440, 442]; *Meyer* v. *Welsbacher* (Ohio App.), 75 N.E.2d 89, 90; *Inter-Ocean Cas. Co.* v. *Copeland*, 184 Ark. 648 [43 S.W.2d 65, 67]; *St. Anthony Falls W.-P. Co.* v. *King W. I. Bridge Co.*, 23 Minn. 186, 188 [23 Am.Rep. 682]; Criminal cases: *Hopt* v. *Utah*, 110 U.S. 574, 578 [4 S.Ct. 202, 28 L.Ed. 262]; *Caples* v. *State*, 3 Okla. Crim. 72 [104 P. 493, 502, et seq., 26 L.R.A.N.S. 1033]; *Henry* v. *State*, 10 Okla. Crim. 369 [136 P. 982, 986, 52 L.R.A.N.S. 113]; *State* v. *Neal*, 350 Mo. 1002 [169 S.W.2d 686, 693]; *State* v. *Crocket*, 90 Mo. 37 [1 S.W. 753, 755, 59 Am.Rep. 4].)

Under the facts of this case we are satisfied that the action was brought to trial within the time fixed by the written stipulation of the parties, and it was error for the court to dismiss it under the five-year provision of section 583.

Judgment reversed.

Kaufman, P. J., and Draper, J., concurred.