[Civ. No. 18030.   First Dist., Div. One.   June 17, 1959.]

MARION VECKI et al., Appellants, v. RIGMORE SORENSEN, as Executrix, etc., Respondent.

Julian D. Brewer for Appellants.

Ropers & Majeski for Respondent.

TOBRINER, J.—This is an appeal from a judgment of dismissal for failure to bring the case to trial within five years after the filing of appellants' complaint.

In substance appellants' action for an injunction to restrain respondent from quarrying and excavating land adjacent to appellants' land, including damages thus inflicted upon appellants' land, gave birth to a second issue involving appellants' title. The litigation of the descendant dispute according to respondent caused a delay sufficient to dispatch the parent suit under Code of Civil Procedure, section 583, because it was not "brought to trial within five years after the plaintiff filed his action."

Appellants filed the original suit for injunction and damages on December 5, 1950. Respondent answered and cross-complained that approximately one-third of the land claimed by appellants had been mistakenly conveyed to them; that respondent, instead, owned this one-third, and that the deed should be reformed to reflect the intent of the parties. The case was called for trial on December 4, 1952, a date which was two years minus one day later than the date of the filing. The jury was impaneled and sworn. Thereupon the judge ruled that the answer and cross-complaint raised equitable issues and ordered a "recess" of the jury until December 10, 1952, so that such "issues other than damages" might first be decided.

The resolution of those matters entailed a period of two years less 18 days. Thus, proceeding to hear the equitable issues, the court on December 19, 1952, entered a decree reforming the deed as urged by respondent, thereby reducing the amount of appellants' land to approximately two-thirds of that alleged in the complaint. Appellants appealed on January 12, 1953; the court therefore ordered "that the jury

previously ordered to return Wednesday, December 10, 1952, need not appear as ordered." The First District Court of Appeal, Division Two (*Vecki* v. *Sorensen*, 127 Cal.App.2d 407 [273 P.2d 908]), affirmed the decree on November 16, 1954.

Further steps were then taken in the original action. After the death of defendant Peter Sorensen, appellants, on June 9, 1954, filed a claim against the estate incorporating the same allegations as those of the complaint, and on October 16, 1956, the parties stipulated that the executrix of the estate could be substituted for decedent. The trial court, on January 24, 1957, then "revived and continued" the action, substituting Sorensen's executrix as defendant, and granted appellants leave to file their supplemental complaint against the executrix. Although the case was set for jury trial on March 27, 1957, the clerk of the court dropped it from the calendar upon the erroneous impression that the jury fees had not been paid.

On June 7, 1957, respondent moved to dismiss, and after hearing, the court granted the motion on June 20, 1957, entering judgment of dismissal on June 28, 1957.

We approach the case in the light of recognition of the fact that courts exist primarily to afford a forum for the settlement of litigable matters between disputing parties. Over a long and bitter history this peaceful method of adjudication has replaced other and primitive, and indeed physical, means of resolution (Frank, Courts on Trial, Princeton University Press (1949), pp. 5-13.) To deny the forum upon the ground that one or the other party has sacrificed it because the procedure has itself been too slow does not appeal to a mature sense of justice. Only the most compelling reasons would support a surrender of this necessary and valued right of resolution for any such cause.

In the instant case there are no compelling reasons to deny the right. We shall point out that the procedure did not entail a period longer than five years because the case was brought to trial within that span of time, and we shall set out, likewise, that practical considerations, long recognized as a justification for delay, were present in this litigation.

The first decisive reason for holding that the action was not subject to dismissal lies in the fact that when the jury was impaneled and sworn on December 4, 1952, this case was "brought to trial" within the meaning of section 583.

In a characteristically pungent and penetrating decision, rendered during the pendency of the present appeal,

Justice Dooling, in *Kadota* v. *City & County of San Francisco* (1958), 166 Cal.App.2d 194 [333 P.2d 75], ruled that "[t]he holding of our court in *Silcox* v. *Lang, supra* [87 Cal. 118 (20 P. 297)], that the impanelment of the jury is a part of the trial not only comports with the common understanding among lawyers and judges, but finds support in the rulings of the courts of other jurisdictions in a variety of circumstances." (P. 195.) In that case "[b]y written stipulation the time of trial was extended until May 11, 1957. On May 9, 1957, the parties regularly appeared in court for trial and a jury was impaneled and sworn." (P. 194.) Plaintiff then obtained a continuance until May 12, 1957. However, on May 13, 1957, the trial court dismissed the action for failure to bring the case to trial within five years. In reversing an order of dismissal under section 583 the court declared, "Our Supreme Court in *Silcox* v. *Lang,* 78 Cal. 118, 124 [20 P. 297], said: '*The impaneling of a jury is a part of the trial,* within the meaning of the code, and any ruling of the court with respect thereto, if erroneous, is an error of law occurring at the trial . . .' (Emphasis ours.)" (P. 195.) Hence, "[w]e are satisfied that the action was brought to trial within the time fixed by the written stipulation of the parties. . . ." (P. 196.)

Respondents seek to refute Kadota upon the threefold premise that it erroneously relied upon *Silcox* v. *Lang* (1889), 78 Cal. 118 [20 P. 297]; that an impanelment of a jury is identifiable with rulings on demurrers and preliminary injunctions, which do not constitute a trial within the section; and that the commencement of a jury and nonjury trial must be identical and the latter does not begin until the first witness is sworn.

In Silcox an appeal from a lower court's order sustaining an objection to a challenge to a juror, was treated by appellants as an " 'irregularity in the proceedings of the court' " and presented "by affidavits." (P. 124.) But, said the court, the trial judge's wrongful grant of the motion was an " 'error in law occurring at the trial' " *because* the "impaneling of the jury is a part of the trial" (p. 124), and thus could be presented only by a bill of exceptions. The case therefore supports Kadota.

Respondent urges that the swearing of the jury involved only issues of law and therefore should be treated like a demurrer (*Berri* v. *Superior Court* (1955), 43 Cal.2d 856 [279 P.2d 8]) or a preliminary injunction (*Superior Oil Co.*

v. *Superior Court* (1936), 6 Cal.2d 113 [56 P.2d 950]). But the whole point is that the test of a pleading by demurrer seeks a determination of the matter *"without* the effort and expense of trial" (2 Witkin, California Procedure, § 482, p. 1468; emphasis added). The pretrial settlement of such a question does not compose the commencement of a trial.

Neither can the rules pertaining to the commencement of a jury trial be assimilated to those of a nonjury case. ■ The rule that, because jeopardy attaches when the jury is sworn, the trial of a criminal case commences with the impanelment of a jury has long been established. (*Jackson* v. *Superior Court* (1937), 10 Cal.2d 350, 359 [74 P.2d 243, 113 A.L.R. 1422].) Kadota now recognizes the same rule pertains to a civil case. Neither authority nor principle sustains the contention that a jury trial does not commence until a witness has been sworn.

■ The second decisive reason for holding that the action should not have been dismissed lies in the fact that practical impediments blocked the consummation of the trial before the expiration of the five-year period. Respondent's cross-complaint contends that appellants owned only two-thirds of the land upon which the damage was allegedly suffered. The measure of the damage was obviously related to the quantum of the land. How could plaintiffs' damages be assessed if the amount of their land remained unknown and undefined? While respondent contends that the trial could have proceeded during the period of the appeal upon the basis of the trial court's reformation of the deed, a reversal by the appellate court would have nullified the whole proceeding. Hence the vagary of plaintiffs' title, projected into an impossibility of fixing damage, impaired, if it did not negate, the process of the trial.

■ The courts have properly held that time lost because of the impossibility or impracticality of conducting a successful trial is not to be computed in the measurement of the time specified in section 583.

In *City of Pasadena* v. *City of Alhambra* (1949), 33 Cal.2d 908 [207 P.2d 17], plaintiff city filed an action "to determine the ground water rights within the area" and during the course of it, "the trial court referred the matter to the Division of Water Resources of the Department of Public Works for a determination of the facts. . . ." (P. 916.) The reference entailed a period of four years, five months and eight days. The court held: "The issues to be tried were dependent

to a great extent upon the facts to be ascertained by the referee, and it would have been impracticable, if not futile, to proceed to trial prior to the completion of the report. It follows that the time consumed by the reference should be excluded in computing the five-year period, and that, therefore, the action was not subject to dismissal under the provisions of section 583.'' (P. 917.)

City of Pasadena specifically relies upon two cases in which one of the parties appealed issues germinated by the primary case: *Christin* v. *Superior Court*, 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153], and *Westphal* v. *Westphal*, 61 Cal.App.2d 544 [143 P.2d 405]. Christin involved an intervening appeal from an order for change of venue, and in ruling that the period taken for the determination of the appeal should be excluded from the five-year limitation of the statute, the court cogently remarks: ''If the actual time on appeal had consumed the whole of the five-year period, could plaintiff have been held barred from going to trial? This would be an amazing miscarriage of justice, penalizing conduct entirely reasonable, and inducing procedure detrimental to the interests of both court and litigants. And the same is true where not the whole period, but a substantial part of it is consumed on appeal.'' (P. 533.)

Respondent's citation of *Hayashi* v. *Lorenz*, 42 Cal.2d 848 [271 P.2d 18], does not advance her position. In that case plaintiffs contended that time was tolled for want of prosecution under section 583 because the opposing parties raised certain issues as to the validity of orders in a related guardianship proceeding which, according to plaintiffs, required determination before the case could go to trial. Since, however, plaintiffs claimed the guardianship orders were void, and hence subject to attack at any time, such proceedings provided ''no excuse for plaintiffs' failure to bring this action to trial.'' (P. 851.)

Respondent's final argument that in any event the order of dismissal should be sustained on the ground that this was a two-year discretionary dismissal under Code of Civil Procedure, section 583, fails completely. Respondent's notice of motion asked for dismissal upon the ''ground that the action has not been brought to trial within five . . . years.'' The judgment itself provided that the ''case has not been brought to trial within five years.''

We conclude that section 583 is not to be construed to require the plaintiff to proceed with a wasteful, abortive trial

upon the peril of losing his day in court; such an application of the statute induces an abhorrent sacrifice and partial destruction of the judicial process.

Since either of the two bases discussed above furnishes ample ground for reversal of the order, we do not consider the third argument raised by appellants that partial trial of the equitable issue satisfied the code requirement.

The judgment is reversed.

Bray, P. J., and Wood (Fred B.), J., concurred.