**UNITED STATES of America ex rel. G. Daniel WALKER, Petitioner-Appellant,**

v.

**Jacob B. GUNN, Respondent-Appellee.**

**PEOPLE OF the STATE OF CALIFORNIA, Plaintiff-Appellee,**

v.

**G. Daniel WALKER, Defendant-Appellant.**

**Nos. 74–2785, 74–2593.**

United States Court of Appeals, Ninth Circuit.

Feb. 12, 1975.

---

G. Daniel Walker, pro se.

Evelle J. Younger, Atty. Gen., Sacramento, Cal., for respondent-appellee.

Before CARTER and TRASK, Circuit Judges, and RENFREW,* District Judge.

## OPINION

James M. CARTER, Circuit Judge.

Petitioner G. Daniel Walker appeals from an order denying his motion for relief pursuant to Fed.R.Civ.P. 60 [1] and denying his petition for a writ of habeas corpus. Both the motion and the petition are based upon petitioner's contention that his state court trial and conviction are null and void because he had previously filed a petition for removal to federal court, thereby depriving the state court of jurisdiction in the matter. In denying the habeas petition, the district court held that the removal petition

had been untimely and that the state court proceedings were therefore valid. We affirm.

## FACTS

Petitioner was indicted and tried for first degree murder in California Superior Court. On November 19, 1973, preliminary instructions were given to the prospective jurors and voir dire was commenced. Sometime later during that day, petitioner attempted to file a petition for removal to federal court with a federal district court judge, but the judge refused to accept the petition and verbally denied the request for removal.

On November 20, 1973, voir dire continued, several motions by petitioner were heard and denied, a number of jurors were selected, and at 3:15 p. m. the first jury panel was exhausted. Also on November 20th, petitioner formally filed his petition for removal to the United States District Court for the Eastern District of California, complying with all of the procedural requirements of the removal statute, 28 U.S.C. § 1446. The petition was filed at 2:45 p. m. and the state court trial judge was notified in open court shortly after 3:15 p. m. That same day, the petition was denied in an ex parte order. The state court proceeded with the trial, petitioner was convicted, and on February 8, 1974, he was sentenced to life imprisonment.

On May 2, 1974, petitioner filed a "Motion For Relief From Order of November 20th, 1973, Pursuant to Rule 60 Of Federal Rules of Civil Procedure," contesting the district court's November 20, 1973, denial of his petition for removal. He contended, *inter alia*, that his removal petition had divested the state court of jurisdiction until a remand was ordered, and that since no remand order had ever been issued the state court proceedings were null and void. On May 10, 1974, petitioner filed a petition in the

---

* Honorable Charles B. Renfrew, United States District Judge, Northern District of California, sitting by designation.

1. The Clerk's record from the district court in Appeal No. 74–2593 was captioned as above. The district court order denying Walker relief under Rule 60 was captioned as set forth above.

United States District Court for the Eastern District of California for a writ of habeas corpus, alleging that the state court trial and sentence were void for the same reasons stated in his May 2 motion.

On July 24, 1974, the district court, in a single judgment, denied both the Rule 60 motion and the habeas petition, holding that the petition for removal had been filed on the second day of the state jury trial and was therefore untimely, that no reason justifying the delay in seeking removal had been given, and that in any event the petition was without merit. The court also held that the ex parte summary denial was proper to avoid unnecessary disruption of the state court trial. This appeal ensued.

### DISCUSSION

The procedure for effecting removal of a criminal action is set forth in 28 U.S.C. § 1446. That section reads in pertinent part:

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

     \*     \*     \*     \*     \*     \*

"(c) The petition for removal of a criminal prosecution may be filed at any time *before trial*." (Emphasis added.)

Petitioner concedes and numerous cases so hold that the statute, insofar as the time for removal is concerned, is imperative and mandatory, must be strictly complied with, and is to be narrowly construed. *See, e. g.,* Vendetti v. Schuster, 242 F.Supp. 746, 751 (W.D.Pa.1965). However, petitioner contends that the state court trial did not commence until the jury was sworn on November 26,

1973. The State contends that the trial commenced for purposes of § 1446(c) on November 19, 1973, when voir dire of prospective jurors began, and that the petition for removal, filed the next day (after a number of jurors had been selected, an entire panel exhausted, and several motions heard and denied) was therefore not filed "before trial."

There are no cases to support petitioner's position. In each of the cases noted by him in his brief, either the statutory language was different from that of § 1446(c) or the removal petition had been filed prior to *any* proceedings in the state court case.

Although there are no reported cases concerning whether the trial had commenced in the instant case within the meaning of the removal statute, in other contexts virtually all cases in all jurisdictions have held that trial commences when the veniremen are called to be examined concerning their qualifications. *See, e. g.,* Hopt v. Utah, 110 U.S. 574, 578, 4 S.Ct. 202, 28 L.Ed. 262 (1884); Vecki v. Sorensen, 171 Cal.App.2d 390, 340 P.2d 1020 (1959); Kadota v. City and County of San Francisco, 166 Cal.App.2d 194, 333 P.2d 75 (1958). In *Kadota, supra,* the court stated that its holding "that the impanelment of the jury is a part of the trial not only comports with the common understanding among lawyers and judges, but finds support in the rulings of the courts of other jurisdictions in a variety of circumstances." 166 Cal.App.2d at 195, 333 P.2d at 76 (with numerous citations).

In State of South Carolina v. Moore, 447 F.2d 1067 (4 Cir. 1971), the court expressed discomfort with its decision in that case that Moore's state court conviction was void because his removal petition had been filed less than an hour before *any proceedings* had commenced in state court:

"We are concerned that this construction of § 1446 makes it susceptible to substantial abuse by individuals seeking to interrupt or delay state trials. . . . It permits one wishing to delay a state trial to do so, even

though his removal petition is subsequently found to be frivolous." *Id.* at 1074.

It was just such an abuse of § 1446 that the court below was avoiding in holding that petitioner's petition was untimely when filed during the second day of the empanelling of the jury in the state court trial, particularly since the court found no valid reason for petitioner's delay in filing.

■ In support of its strict construction of § 1446(c), the court in Biscup v. People, 129 F.Supp. 765 (W.D.N.Y.1955) stated: "The right of removal being in derogation of state sovereignty, should not be enlarged beyond what is definite and free from ambiguity, McCaffrey v. Wilson Co., D.C., 10 F.2d 368." *Id.* at 767. Strict construction, common usage, and avoidance of abuse of the removal statute all support the district court's interpretation of "before trial" as meaning "before proceedings for empanelling the jury." Petitioner's removal petition was therefore untimely.

■ Petitioner, however, contends that the district court's failure to give him notice of the proposed dismissal and an opportunity to present arguments in opposition denied him the "essence of our judicial system", citing People v. Pobuta, 437 F.2d 1200 (9 Cir. 1971). *Pobuta, supra,* is inapposite, however, because in that case the district court summarily and without notice dismissed a removal petition *on the merits.* This court held that the district court had thereby deprived the petitioner of "the 'essence of our judicial system'—'the right to a hearing on the merits of a claim *over which the court has jurisdiction.*'" *Id.* at 1200 (emphasis added). In the present case, the petition was untimely and the district court was therefore without jurisdiction to decide the merits. Summary dismissal was the proper course of action.

In *Moore, supra,* the court stated with respect to "eleventh hour" removal petitions: "The problem is not acute if the state court is sitting where a federal judge is readily available, the removal petition is promptly brought to his attention, he recognizes it as an attempt to delay or disrupt the state court proceedings and promptly files a remand order." 447 F.2d at 1074 n. 23. The district court below expressed similar sentiments in denying both the Rule 60 motion and the petition for a writ of habeas corpus with respect to the attempted removal by the petitioner long after the "eleventh hour."

The judgment of the district court is affirmed.