[No. A035312. First Dist., Div. One. Nov. 9, 1989.]

Estate of YOLANDA ANASTASIO, Deceased.
STANLEY ANASTASIO, as Executor, etc., Cross-complainant and
Appellant, v.
SMOKEHOUSE BROILER, INC., Cross-defendant and Respondent.

**COUNSEL**

David R. Olick for Cross-complainant and Appellant.

No appearance for Cross-defendant and Respondent.

**OPINION**

**STEIN, J.**—Stanley Anastasio, executor of the estate of Yolanda Anastasio, appeals from a judgment dismissing her cross-complaint against Smokehouse Broiler, Inc. (hereafter Smokehouse), for insurance proceeds recovered by Smokehouse for damage to a building it leased from Yolanda Anastasio. The sole issue on appeal is whether the court is precluded from dismissing an action pursuant to Code of Civil Procedure section 583.360 after the jury has been sworn.

## FACTS[1]

Smokehouse originally filed a complaint against its landlord, Yolanda Anastasio, for damages caused by a fire at the premises Smokehouse leased. On May 20, 1976, Anastasio filed a cross-complaint in San Francisco County Superior Court, in civil case No. 697602, against Smokehouse and several insurance companies who allegedly insured Smokehouse or Anastasio. The

---

[1] Smokehouse failed to file a brief and was notified that this court, pursuant to California Rules of Court, rule 17(b), "may accept as true the statement of facts in the appellant's opening brief and, unless the appellant requests oral argument, may submit the case for decision on the record and on the appellant's opening brief." We therefore accept as true statements in appellant's brief regarding the procedural history of the case.

complaint alleged a cause of action for abuse of process against Smokehouse and bad faith refusal to pay a claim against the insurance companies. The cross-complaint was amended on November 3, 1976, to add several "Doe" defendants.

On October 10, 1980, Anastasio filed civil case No. 772373 against Smokehouse for structural damage allegedly done by Smokehouse during its tenancy. Civil case Nos. 697602 and 772373 were consolidated at some unspecified date by motion of Smokehouse. Also at some unspecified date, the court dismissed Smokehouse's complaint in case No. 697602 for failure to bring it to trial within five years. The remainder of the consolidated actions went to trial in February of 1986. Yolanda Anastasio died during the proceedings and her estate was substituted.

After the jury was sworn, Smokehouse moved to dismiss Anastasio's cross-complaint in case No. 697602, on the ground that it, like the original complaint in that action, had not been brought to trial within the five-year period required by California Code of Civil Procedure section 583.310. Counsel for Anastasio acknowledged that, "it is true that it is more than five years since the date the cross-complaint was filed, . . ." Anastasio's counsel opposed the motion to dismiss solely on the ground that, "I do not agree that once the trial is commenced, . . . that one can make such a motion." The court granted the motion.

The remainder of the case went to trial and resulted in a verdict for Anastasio in the amount of $1,500. Anastasio moved for a new trial. The motion was denied on April 30, 1986. Anastasio then filed a notice of appeal.

## Analysis

Code of Civil Procedure section 583.310 provides: "An action shall be brought to trial within five years after the action is commenced against the defendant." Section 583.360, subdivision (a) further provides that "[a]n action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article."

By appellant's own admission, the five-year period had expired at the time the jury was sworn. ■ He nonetheless contends that once the jury is sworn the court could not dismiss the cross-complaint. Appellant relies on *Kadota* v. *City & County of S.F.* (1958) 166 Cal.App.2d 194 [333 P.2d 75], and *Hilliard* v. *A. H. Robins Co.* (1983) 148 Cal.App.3d 374 [196 Cal.Rptr. 117], to support this proposition. In *Kadota* the court held the

trial is commenced ". . . when the parties commence the examination of prospective jurors and the impanelment of the jury." (166 Cal.App.2d at p. 195.) In *Hilliard,* 148 Cal.App.3d, at pages 389-390, the court noted that the Supreme Court in *Hartman* v. *Santamarina* (1982) 30 Cal.3d 762 [180 Cal.Rptr. 337, 639 P.2d 979, 32 A.L.R.4th 833] referred to *Kadota* without disapproval and held that the trial commenced when jury selection was commenced. These cases only stand for the proposition that a case is "brought to trial" within the five-year statute if the jury is impaneled *before the five-year period has expired.* They do not hold that impanelment of the jury waives the mandatory provisions of Code of Civil Procedure section 583.360 or revives a case after the five-year period has expired. The only circumstance that will revive an action after the five-year period has expired is a stipulation between the parties. (See 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 131, pp. 437-438; *Mustalo* v. *Mustalo* (1974) 37 Cal.App.3d, 580, 585 [112 Cal.Rptr. 594].) The court therefore did not err in granting the motion to dismiss.

CONCLUSION

The judgment is affirmed.

Racanelli, P. J., and Newsom, J., concurred.