**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STATE OF HAWAII, | No. 12-16981 |
| Plaintiff - Appellee, | D.C. No. 1:12-cv-00501-LEK-BMK |
| v. | |
| CHRISTOPHER DEEDY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted June 11, 2013
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

Christopher Deedy, a federal officer, was indicted in Hawaii state court for

second-degree murder and carrying or using a firearm in violation of Hawaii law.

Seven months later, Deedy moved pursuant to 28 U.S.C. § 1442(a)(1) and §

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1446(c)(1) (amended 2011)[1] to remove the case to federal district court. Although he missed the thirty-day filing deadline, Deedy contended that he established "good cause" for his untimely removal motion because the pre-trial publicity in Hawaii would prejudice his trial and only a federal court could transfer the case to a different state. The district court denied the motion, and Deedy appeals. We affirm.[2]

We review for abuse of discretion a district court's denial of an untimely removal motion for lack of good cause. *See Wei v. Hawaii*, 763 F.2d 370, 371 (9th Cir. 1985) (reviewing for abuse of discretion a district court's dismissal of a complaint for plaintiff's failure to show good cause in failing to serve the complaint within the prescribed period). A district court abuses its discretion if it makes an error of law, or if its decision is "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record."

---

[1] Congress has since amended § 1446. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, 125 Stat. 758, 758-62 (2011). However, the amendments to § 1446 do not apply to this case because Deedy's state court prosecution commenced before January 6, 2012. *See id.* at § 105. All citations to § 1446 refer to the statute prior to amendment.

[2] The State of Hawaii's requests for judicial notice are GRANTED to the extent that they comply with Fed. R. Evid. 201 and "do not require the acceptance of facts subject to reasonable dispute." *Cal. ex rel. RoNo, LLC v. Altus Fin. S.A.*, 344 F.3d 920, 931 n.8 (9th Cir. 2003) (internal quotation marks omitted).

*United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (internal

quotations omitted).

Deedy first argues that the district court committed legal error by stating that

"removal jurisdiction must be strictly construed." Deedy contends that the court

should have taken a more permissive approach to federal officer removal

jurisdiction as required by *Willingham v. Morgan*, 395 U.S. 402 (1969).

Deedy's argument fails. He ignores the distinction between § 1442(a)(1) and

§ 1446(c)(1). It is correct that courts must liberally construe the substantive

elements of federal officer removal jurisdiction under § 1442(a)(1). *See*

*Willingham*, 395 U.S. at 407 (rejecting "a narrow, grudging interpretation *of §*

*1442(a)(1)*") (emphasis added). However, the district court did not base its

decision on the substantive requirements for removal under § 1442(a)(1), but rather

on Deedy's failure to meet the procedural requirements under § 1446(c)(1). In

interpreting a predecessor of § 1446(c)(1), we held that unlike the substantive

provisions of § 1442(a)(1), the procedural elements of the federal officer removal

statutes must be strictly construed. *United States ex rel. Walker v. Gunn*, 511 F.2d

1024, 1026 (9th Cir. 1975). The district court made no legal error.

Next, Deedy asserts that the district court erred in concluding that the

adverse pre-trial publicity and the potential need to transfer the case to a different

federal district did not constitute good cause to excuse his untimely removal motion. Deedy makes several related arguments that the district court misapplied Fed. R. Crim. P. 21(a) when considering the potential need to transfer the case to a federal district outside of Hawaii. However, Deedy's arguments misconstrue the district court's order. The district court did not purport to apply Rule 21(a); the only relevant statement by the court was that the alleged prejudice which might necessitate a transfer was "entirely speculative." Deedy's arguments about the district court's alleged misapplication of Rule 21(a) are strawmen that attempt to identify a "legal error" in order to evade abuse of discretion review.

Additionally, Deedy claims that the record does not support the district court's statement that he "could have reasonably anticipated" the negative pretrial publicity within thirty days of his arraignment. This argument fails. The record contains several negative articles published *before* Deedy's arraignment, including one reporting claims by the victim's attorney that Deedy "was drunk and karate-kicked" the victim before killing him, and another article highlighting the racial tensions in the incident. These facts and others in the record "support [the] inference[]" of the district court that Deedy should have anticipated future publicity given the immediate attention his case raised in the Hawaiian press. *See*

4

*Hinkson*, 585 F.3d at 1262. Deedy fails to show that the district court's holding is otherwise "illogical" or "implausible." *See id.*

AFFIRMED.