Filed 1/18/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RUTH McCLAMMA STUEVE et al., | |
| Plaintiffs and Appellants, | G052779 |
| v. | (Super. Ct. No. 30-2010-00411651) |
| BUCHALTER NEMER et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Robert J. Moss, Judge. Reversed.

Barnes Law, Robert E. Barnes and Keobopha Keopong for Plaintiffs and Appellants.

Greenberg Gross, Wayne R. Gross, Alan A. Greenberg, Evan C. Borges and Bret D. Hembd for Defendant and Respondent.

Sinclitico & Burns, Dennis J. Sinclitico, Hugh R. Burns and Daniel R. Mayer for Defendants and Respondents.

Bienert, Miller & Katzman, Thomas H. Bienert, Jr., Michael R. Williams and Ali Matin for Defendants and Respondents.

Edgerton & Weaver, Samuel Y. Edgerton III, Theodore C. Peters and Sabryne Coleman for Defendants and Respondents.

Generally, an action must be "brought to trial" within five years of the filing of a civil complaint. (Code Civ. Proc., § 583.310, et seq.)[1] If the time period is not tolled by statute, the case must be dismissed. (§§ 583.340, 583.360.) "In an action tried to a jury, the action is *brought to trial* when the jury is *impaneled and sworn*." (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 723 (*Bruns*), italics added.)

Here, with just three days remaining before the fifth anniversary of the filing of a civil complaint, a panel of 75 prospective jurors assembled in a courtroom for jury selection (voir dire). The court clerk administered an oath and the panel swore to give truthful answers. Seven days later, while voir dire was still in progress, defendants moved to dismiss under the five-year dismissal statute. The trial court granted the motion, finding that the jury had not yet been "impaneled and sworn."

We reverse. The jury was "impaneled" when the panel of prospective jurors assembled in the courtroom for voir dire. The panel was "sworn" when the prospective jurors took an oath to respond truthfully. Accordingly, the action was, in fact, "brought to trial" within five years of the filing of the civil complaint. Thus, the trial court should not have granted defendants' motion to dismiss.

I

FACTUAL AND PROCEDURAL BACKGROUND

On September 24, 2010, plaintiffs filed a civil complaint. Plaintiffs are the "heirs" (in lay terms) to the Alta Dena Dairy fortune built by the Stueve family. Defendants are several attorneys and law firms. The causes of action generally include allegations of fraud, as well as claims of negligent hiring and supervision.

---

[1] Further undesignated statutory references will be to the Code of Civil Procedure.

2

On Monday, September 21, 2015, the trial court began the jury selection process in a large courtroom it had reserved for that purpose. A panel of 75 prospective jurors arrived in the large courtroom. The court clerk administered an oath, the parties gave "mini-opening" statements, and voir dire began.

On Wednesday, September 23, voir dire was still continuing. In the late afternoon, the trial court explained to the prospective jurors that the large courtroom was unavailable on Thursday, and that the court had other duties on Friday. The court declared a recess and adjourned until the following Monday.

On Monday, September 28, defendants filed a motion to dismiss the case on the grounds that the action had not been brought to trial within five years of the filing of the initial complaint (September 24, 2010). (§§ 583.310, 583.360.) The trial court excused the jurors, ordered further briefing, and conducted hearings on the motion.

On October 9, the trial court entered an order of dismissal. The court found that the action had not been brought to trial within five years. "*Bruns* is a California Supreme Court case from 2011 and states in no uncertain terms, 'In an action tried to a jury, the action is brought to trial when the jury is *impaneled and sworn*.'" (*Bruns*, *supra*, 51 Cal.4th at p. 723, italics added.) Further, the trial court found that the five-year time period had not been statutorily tolled, except as to defendant Berger Kahn.[2]

_____

[2] The trial court had, at an earlier point, dismissed defendant law firm Berger Kahn from the action. Plaintiffs appealed and were ultimately successful in bringing Berger Kahn back into the lawsuit prior to trial. (See *Stueve Bros. Farms, LLC v. Berger Kahn* (2013) 222 Cal.App.4th 303.) The court therefore tolled the five-year deadline for the period of time (22 months) it had lost jurisdiction, but only as to Berger Kahn. (§ 583.340, subd. (b).) Given our ruling that the action was, in fact, brought to trial within five years, we need not consider plaintiffs' alternative claims that the court improperly refused to toll the action as to the remaining defendants. (§ 583.340, subd. (c).)

II

DISCUSSION

The interpretation and application of statutes are questions of law that are reviewed de novo. (*Redevelopment Agency v. County of Los Angeles* (1999) 75 Cal.App.4th 68, 74.) As always, our fundamental task is to determine the Legislature's intent. (*Esberg v. Union Oil Co.* (2002) 28 Cal.4th 262, 268.) We first look at the words of the statute, giving them their plain and ordinary meaning. (*Ibid*.) But we do not look at the words of a statute in isolation. (*Mejia v. Reed* (2003) 31 Cal.4th 657, 663.) Rather, we look at the entire statutory scheme in order to determine the meaning of words taken in context. (*Ibid*.) If the language is clear, we need not turn to external sources such as a statute's legislative history. (*MacIsaac v. Waste Management Collection & Recycling, Inc.* (2005) 134 Cal.App.4th 1076, 1083 ["If the statutory language is clear and unambiguous, our task is at an end, for there is no need for judicial construction"].)

Here, there is no dispute as to the facts. On September 24, 2010, plaintiffs filed a civil complaint. On September 21, 2015, jury selection began. On September 28, defendants moved to dismiss because the action had not yet been "brought to trial" within five years. (§ 583.310, et seq.)[3] The trial court agreed and dismissed the action, relying on *Bruns*: "In an action tried to a jury, the action is brought to trial when the jury is *impaneled and sworn*." (*Bruns*, *supra*, 51 Cal.4th at p. 723, italics added.)

Thus, we are presented with a pure question of law: is a jury "impaneled and sworn" when a panel of prospective jurors assembles in a courtroom for voir dire and

---

[3] "An action shall be *brought to trial* within five years after the action is commenced against the defendant." (§ 583.310, italics added.) "An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not *brought to trial* within the time prescribed in this article." (§ 583.360, subd. (a), italics added.)

4

is sworn to tell the truth, or does that occur later when the actual trial jurors are sworn? We hold that a jury is "impaneled and sworn" in the first instance. We reach that conclusion based on: 1) how the words "impaneled and sworn" are used in the relevant statutes; and 2) how the phrase has been applied and understood in the relevant case law.

A. *"Impaneled and Sworn" As Used in the Relevant Statutes*

The process of selecting a jury is thoroughly laid out in the Trial Jury Selection and Management Act (the Act). (§ 190 et seq.) Although the Act is included in the Code of Civil Procedure, the Act encompasses both criminal and civil trials. (§ 192.) Within the Act, the Legislature has defined the meaning of several words and phrases. (§ 194.) "In examining the language [of statutes], the courts should give to the words of the statute their ordinary, everyday meaning [citations] unless, of course, the statute itself specifically defines those words to give them a special meaning [citations]." (*Halbert's Lumber, Inc. v. Lucky Stores, Inc.* (1992) 6 Cal.App.4th 1233, 1238-1239.)

By statute, the jury selection process begins with a "source list" of names. (§§ 194, subd. (m), 197.) A group of "prospective juror[s]" are randomly selected from the source list. (§§ 194, subds. (i) & (m), 197.) An appropriate number of prospective jurors are then summoned to court. (§ 208.) From that group, the jury commissioner then randomly selects "jury *panels* to be sent to courtrooms for voir dire." (§ 219, subd. (a), italics added.) "'Trial jury *panel*' means a group of prospective jurors assigned to a courtroom for the purpose of voir dire." (§ 194, subd. (q), italics added.)

Once the trial jury panel is assembled in a courtroom, the court administers an "oath of truthfulness." (See *People v. Carter* (2005) 36 Cal.4th 1114, 1174.) "Prior to the examination of prospective trial jurors in the *panel* assigned for voir dire, the

5

following perjury acknowledgement and agreement shall be obtained from the *panel*, which shall be acknowledged by the prospective jurors with the statement 'I do':  [¶]  'Do you, and each of you, understand and agree that you will accurately and truthfully answer, under penalty of perjury, all questions propounded to you . . . in the matter pending before this court . . . .'"  (§ 232, subd. (a), italics added.)

Once voir dire is completed, a second oath to "try the cause" is administered to the actual trial jurors:  "As soon as the selection of the trial jury is completed, the following acknowledgment and agreement shall be obtained from the trial jurors, which shall be acknowledged by the statement 'I do':  [¶]  'Do you and each of you understand and agree that you will well and truly try the cause now pending before this court, and a true verdict render according only to the evidence presented to you and to the instructions of the court.'"  (§ 232, subd. (b).)  "'Trial jurors' are those jurors sworn to try and determine by verdict a question of fact."  (§ 194, subd. (o).)

The word "impaneled" is not defined within the Act, but generally means: "The act of the clerk of the court in making up the list of jurors who have been selected for the trial of a particular cause.  All the steps of ascertaining who shall be the proper jurors to sit in the trial of a particular case up to the final formation."  (Black's Law Dict. (6th ed. 1990) p. 752, cols. 1 & 2.)  The word "sworn" is similarly not defined within the Act, but generally means providing an affirmative response to an oath or affirmation. (§ 2093 [a judge or a court clerk may "administer oaths or affirmations"].)

Based on the foregoing, we conclude that a jury is impaneled when the jury trial panel of prospective jurors is assembled in a courtroom for the purposes of voir dire. We note that the word "panel" is used consistently throughout the statutes and refers exclusively to the "prospective juror[s]," not the final "trial jurors."  Further, we conclude

6

that a panel is sworn when the court (usually the court clerk) administers the initial oath of truthfulness and the panel collectively responds, "I do." Although the actual trial jurors will ultimately be sworn again—this time to try the cause—that does not negate the fact that the panel was sworn at the beginning of voir dire.

Accordingly, in this case the jury was impaneled and sworn on September 21, 2015, at the beginning of voir dire. That occurred within five years of the filing of the civil complaint (September 24, 2010). Thus, the action was, in fact, "brought to trial within five years" as required under the statute. (§ 583.310.)

## B. "Impaneled and Sworn" As Applied and Understood in Case Law

Given the draconian remedy of dismissal, the question of when a case must be "brought to trial" has been the subject of extensive litigation, both in civil and criminal law.[4] But we need only scrutinize five relevant cases in order to determine precisely when a "jury is impaneled and sworn." (*Bruns*, *supra*, 51 Cal.4th at p. 723.)

To start with, it is well settled that a jury trial begins when the jury is impaneled. (*Silcox v. Lang* (1889) 78 Cal.118, 124 (*Silcox*).) In *Silcox*, the plaintiffs lost at trial and appealed the trial court's denial of one of their preemptory challenges during voir dire. (*Id*. at pp. 120-124.) The resolution of that issue turned on whether the trial court's ruling occurred "at 'the trial.'" (*Id*. at p. 124.) Our Supreme Court's holding from 127 years ago is remarkably prescient: "The impaneling of a jury is a part of the

_____

[4] The same "brought to trial" phrase appears in both the Code of Civil Procedure and the Penal Code. (§ 583.310; Pen. Code, § 1382, subd. (a).) Though the time frames are drastically different. Generally, absent a waiver, a criminal defendant must be "brought to trial" within 30, 45, or 60 days of his or her arraignment in the superior court. (Pen. Code, § 1382, subd. (a).)

trial, within the meaning of the [C]ode [of Civil Procedure], and any ruling of the court with respect thereto, if erroneous, is an error of law occurring at the trial . . . ." (*Ibid.*)

Further, in a jury trial, "the case is 'brought to trial' when the parties commence the examination of prospective jurors and the impanelment of the jury." (*Kadota v. San Francisco* (1958) 166 Cal.App.2d 194, 195 (*Kadota*).) In *Kadota*, two days before the five-year dismissal period expired, "the parties regularly appeared in court for trial and a jury was impaneled and sworn." Four days later, the trial court dismissed the action under the then existing version of the five-year dismissal statute, section 583. (*Id.* at p. 194.) The appellate court reversed and reasoned: "[*Silcox*] was decided in 1889 and section 583 was not adopted until 1905. [Citation.] We are entitled to assume that in using the language 'brought to trial' the Legislature was aware of this previous judicial determination that the impanelment of the jury is a part of the trial. [Citation.] [¶] The holding of our court in [*Silcox*] not only comports with the common understanding among lawyers and judges, but finds support in the rulings of the courts of other jurisdictions . . . ." (*Id.* at p. 195.) *Kadota* went on to cite multiple cases from various states that had reached a similar conclusion. (*Id.* at pp. 195-196.)

Moreover, a civil action is brought to trial within the meaning of the five-year dismissal statute when the jury trial panel (the venire) is sworn by the court clerk. (*Hilliard v. A. H. Robbins Co.* (1983) 148 Cal.App.3d 374 (*Hilliard*).) In *Hilliard*, just five days before the fifth anniversary of the filing of the civil complaint, "[t]he jury venire panel was sworn and voir dire examination of prospective jurors began . . . ." (*Id.* at p. 389, fn. omitted.) The appellate court noted that: "When the jury venire panel arrives in the courtroom and court is convened, the trial clerk administers an oath to the entire panel." (*Id.* at p. 389, fn. 6.) Seven days later, during voir dire, the defendant

8

moved to dismiss, arguing "that the case had not been 'brought to trial' because jurors who would actually try the case had not been sworn . . . ." (*Id*. at p. 389.) The trial court denied the motion and the appellate court agreed, citing *Silcox* and *Kadota*. (*Ibid*.) Further, *Hilliard* reasoned that: "A contrary result would invite an unscrupulous party to delay or prolong voir dire examination of prospective jurors until the expiration of the five-year period." (*Id*. at p. 390.)

Here, the facts in this case are on all fours with *Hilliard*. In both cases, the venire was sworn by the court clerk within the five-year deadline. (§ 583.310.) Recognizing this, the trial court found that the appellate court's holding in *Hilliard* is at odds with two Supreme Court cases: *Hartman v. Santamarina* (1982) 30 Cal.3d 762 (*Hartman*) and *Bruns*, *supra*, 51 Cal.4th 717. We disagree.

In *Hartman*, *supra*, 30 Cal.3d at page 764, a civil action was approaching the last day for trial under the five-year dismissal statute. But plaintiff's counsel was otherwise engaged. The trial court agreed to "'pick a jury [and] then continue the matter'" in order to avoid a dismissal. "Twelve prospective jurors were put into the box, both sides passed for cause, the jury was sworn, and plaintiff moved for a continuance which was granted over defendant's objections." (*Ibid*.) The Supreme Court approved of the procedure finding that "plaintiff brought this case to trial within the meaning" of the statute. (*Id*. at p. 767.) The court held that the jury had been "impaneled and sworn,"

9

even though the exercise was admittedly a "charade" done solely for the purpose of avoiding the five-year dismissal rule. (*Id.* at p. 766.)[5]

In *Bruns*, the issue was unrelated to when an action has been "brought to trial" under the five-year dismissal statute. (*Bruns, supra*, 51 Cal.4th 717.) Rather, the case dealt with whether the statute's tolling provisions applied under its facts. (*Id.* at pp. 721-722.) But in an introductory paragraph, the Supreme Court stated: "In an action tried to a jury, the action is brought to trial when the jury is impaneled and sworn."[6] (*Id.* at p. 723.) That sentence was followed by a citation to *Hartman.* (*Ibid.*)

Here, the trial court said: "I agree with the moving parties that a jury trial commences when the jury is [i]mpaneled and sworn. I think that's the correct interpretation of the law. [¶] Plaintiff is correct that *Hilliard* holds to the contrary that a jury trial commences when jury voir dire begins. However, *Hilliard* [is] a court of appeal decision from 1983. *Bruns* is a California Supreme Court case from 2011 and states in no uncertain terms, 'In an action tried to a jury, the action is brought to trial when the jury is impaneled and sworn.' [¶] The case cited in *Bruns* for that proposition is the *Hartman* case, a 1982 court of appeals case. And in *Hartman,* it's interesting that the trial court employed the fiction of putting 12 jurors in the box and swearing them . . . . [¶] But they

---

[5] As both parties discussed in their briefing, in a criminal case such a "charade" is unacceptable due to the speedy trial rights of the accused. (*Rhinehart v. Municipal Court* (1984) 35 Cal.3d 772, 781-782 (*Rhinehart*).) In a criminal matter, in order to be brought to trial, the case must be "called for trial by a judge who is normally available and ready to try the case to conclusion. The court must have committed its resources to the trial, and the parties must be ready to proceed *and a panel of prospective jurors must be summoned and sworn.*" (*Id.* at p. 780, italics added.) Here, had this been a criminal trial, it appears that the more rigorous *Rhinehart* standards were also met.

[6] Both parties agree that this sentence is dicta. But they also agree that it correctly states the law, though they disagree as to its meaning.

went through that fiction because it was necessary to do that. . . . There would be no need to employ such a fiction if that was not the rule."

Unlike the trial court, we do not find the holding of *Hilliard*, *supra*, 148 Cal.App.3d 378, inconsistent with the holding of *Hartman*, *supra*, 30 Cal.3d 762.[7] In both cases, a panel of prospective jurors had assembled in a courtroom, though in *Hilliard* it was for the purpose of an actual trial, while in *Hartman* it was for the purpose of a "charade." Therefore, in both cases, the prospective jurors were "impaneled," and thereby met the first component of the "impaneled and sworn" requirement in order for an action to be "brought to trial" as stated in *Bruns*. (*Bruns*, *supra*, 51 Cal.4th at p. 723.)

Further, in *Hilliard*, *supra*, 148 Cal.App.3d 378, as well as *Hartman*, *supra*, 30 Cal.3d 762, both panels were also "sworn." Again, there are two oaths administered during the jury selection process. The first oath occurs when the prospective jurors swear to tell the truth during voir dire. (§ 232, subd. (a).) The second oath occurs when the trial jurors swear to "try the cause." (§ 232, subd. (b).) In neither *Hilliard* nor *Hartman* do the appellate opinions state exactly which oath was administered, but it is of no consequence. In *Hilliard*, the panel of prospective jurors presumably swore to tell the truth, because that is the oath that is given prior to voir dire. In *Hartman*, the prospective jurors presumably swore to "try the cause," because there was no voir dire anticipated or necessary as part of the "charade." But ultimately, it does not matter exactly which oath

---

[7] In fact, *Hilliard* quoted *Hartman* and both of those courts had relied on *Kadota*: "In *Hartman* . . . , the California Supreme Court discussed some procedures for bringing a jury case and a nonjury case to trial under the so-called 'five-year statute.' In . . . footnote [three], the court referred to *Kadota* without disapproval and noted '[t]he opinion's statement of the issue, . . . , implies that a jury case is brought to trial "when the parties commence the examination of prospective jurors."' (*Id.,* at p. 765, fn. 3.) In view of *Kadota* and the Supreme Court's recent citation thereof [in *Hartman*], we can only conclude that a party can put a jury trial beyond the bar of [the five-year statute] by commencing the jury selection process." (*Hilliard*, *supra*, 148 Cal.App.3d at p. 390.)

11

was administered because in both cases each panel of prospective jurors was "sworn," and that is all that was required after the prospective jurors had been "impaneled." (*Bruns*, *supra*, 51 Cal.4th at p. 723.)

In sum, in both *Hilliard*, *supra*, 148 Cal.App.3d 378, as well as *Hartman*, *supra*, 30 Cal.3d 762, an assembled group of prospective jurors was impaneled and sworn. In *Hilliard*, an appellate court found that the action had been "brought to trial within five years." (*Hilliard*, *supra*, 148 Cal.App.3d at p. 389, original capitalization omitted.) In *Hartman*, the Supreme Court found that the action had been "brought to trial within five years." (*Hartman*, *supra*, 30 Cal.3d at p. 762.) Accordingly, consistent with *Hilliard* and *Hartman*, as well as over 100 years of long-standing case law, in this matter the jury was impaneled and sworn within five years of the filing of the civil complaint; therefore, the action was brought to trial within five years of the filing of the civil complaint. (§ 583.310.) Thus, the action was improperly dismissed.

III

DISPOSITION

The judgment is reversed. Plaintiffs shall recover their costs on appeal.

MOORE, ACTING P. J.

WE CONCUR:

IKOLA, J.

THOMPSON, J.

12